UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re                                                    No. C-13-5171 EMC (pr)

JOHN BALBO,
                                                      **ORDER OF DISMISSAL**

        Plaintiff.
_____/

        This action was opened on November 6, 2013, when the Court received from John Balbo a letter concerning his prison conditions. On that date, the Court notified Mr. Balbo in writing that his action was deficient in that he had not attached a complaint and had not filed an *in forma pauperis* application. The Court further notified him that this action would be dismissed if he did not submit a complaint within twenty-eight days. Mr. Balbo did not file a complaint, but did file a request for appointment of counsel and an *in forma pauperis* application.

        This action is **DISMISSED** without prejudice because Mr. Balbo failed to submit a pleading showing the Court has subject matter jurisdiction.

        Mr. Balbo requests appointment of counsel because he has several health problems that make it difficult for him to assert claims about his prison conditions and his convictions. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Counsel will not be appointed in this action because Mr. Balbo never filed a complaint or habeas petition showing that this court has jurisdiction over his claims. More importantly, his request plainly shows that, even if he did file a complaint or habeas petition, it would not be going forward here in this district. The proper venue for a civil rights action about his prison conditions at the Substance Abuse Treatment Facility in Corcoran would be the Eastern District of California,

rather than this district. *See* 28 U.S.C. § 1391(b). The proper venue for an action challenging a conviction from the Riverside or San Bernardino County Superior Court would be the Central District of California, rather than this district. *See* 28 U.S.C. § 2241(d); N D. Cal. Habeas L.R. 2254-3(b). The interests of justice are not furthered by appointing counsel in a district in which the action will not be litigated. The request for appointment of counsel therefore is **DENIED**. (Docket # 5.) When Mr. Balbo files a civil rights complaint or a habeas petition in the proper district, he can then request appointment of counsel in that district.

The *in forma pauperis* application is **GRANTED**. (Docket # 4.)

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: January 29, 2014

_____
EDWARD M. CHEN
United States District Judge

2